**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-00419-PAB-CBS

U2LOGIC, INCORPORATED, a Colorado corporation,

        Plaintiff,

v.

AMERICAN AUTO SHIELD, LLC, a Wyoming limited liability company; and
TOM ORLANDO, an individual.

        Defendants.

---

**ORDER AND STIPULATION REGARDING E-DISCOVERY PROCEDURE**

---

WHEREAS, the Parties mutually seek to reduce the time, expense and other burdens of discovery of certain electronically stored information, as described further below, and to better define the scope of their obligations with respect to preserving such information and materials;

WHEREAS, the Parties therefore are entering into this Stipulation with the request that the Court enter it as an Order;

NOW THEREFORE, it is hereby STIPULATED and ORDERED:

    **I.  Preservation of Electronically Stored Information**

    A.  <u>Preservation Not Required for Not Reasonably Accessible Electronic Information</u>.

        1.  Except as provided in Subparagraph 2 below, the Parties need not preserve the following categories of electronic information for this litigation:

            a)  audio, video, or audio-visual files (.wav, .mp3, .avi, .swf, etc.);

            b)  telephonic recordings;

            c)  unreadable or corrupt files;

    d)    RAM or other ephemeral data;

    e)    ~~Data in frequently~~ Metadata filed that is frequently updated automatically;

    f)    Backup data that is substantially duplicative of data more accessible elsewhere;

    e)    Other forms of ESI whose preservation requires extraordinary affirmative measures not utilized in ordinary course of business.

2. Notwithstanding Subparagraph 1 above, if on the date of this agreement either Party has a policy established by management that results in the routine preservation of any of the categories of information identified in Subparagraph 1, such Party shall continue to preserve such information in accordance with its policy. Any such routine preservation policies shall be disclosed pursuant to Fed. R. Civ. P. 26(a).

  B. <u>Obligations Related to "Draft" Documents and "Non-Identical" Documents</u>.

For the purposes of preserving potentially discoverable material in this litigation, and for purposes of discovery in this litigation, a "draft" document, regardless of whether it is in an electronic or hard copy form, shall mean, "a preliminary version of a document that has been shared by the author with another person (by email, print, or otherwise) or that the author no longer intends to finalize or intends to share with another person." In addition, a "non-identical" document is one that shows at least one facial change such as the inclusion of highlights, underlining, marginalia, total pages, attachments, markings, revisions, or the inclusion of tracked changes. The Parties need not preserve for discovery a document before and after every change made to it, so long as "draft" documents, as defined by this paragraph, are preserved. A

document that is identical on its face to another document, but has small detectable differences in the metadata, shall be considered an identical copy.

      C.  <u>No Discovery of Material Not Required To Be Preserved.</u>

The Parties will not seek discovery of documents, things, and ESI enumerated in Paragraphs I.A.1 above. If any discovery request is susceptible of a construction which calls for the production of items that need not be preserved pursuant to Paragraphs A.1-2, such items need not be searched for, produced, or identified on a privilege log.

      D.  <u>Preservation Does Not Affect Discoverability, Confidentiality or Claims of Privilege.</u>

By preserving information for the purpose of this litigation, the Parties are not conceding that such material is discoverable, or that it may not be subject to a protective, nor are they waiving any claim of privilege. Except as otherwise provided in Paragraphs I.A.1 and I.B, nothing in this agreement shall alter the obligations of the Parties to provide a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) for any material withheld under a claim of privilege.

      E.  <u>Other Preservation Obligations Not Affected.</u>

Nothing in this agreement shall affect any other obligations of the Parties to preserve documents or information for other purposes, such as pursuant to court order, administrative order, statute, or in response to other anticipated litigation.

## II. **Procedures for Production**

The following procedures apply to producing documents or electronically stored information. Compliance with these procedures shall constitute compliance with Federal Rule of Civil Procedure 34(b)(2)(E).

A. Unless specified or excepted in Subparagraph B, below (regarding Specific Instructions), single page Group IV TIFFs should be provided, at least 300 dots per inch (dpi). Each TIFF image file should be one page and named according to the unique bates number, followed by the extension ".TIF". Images shall be produced in Concordance OPT or IPro LFP files. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). Such production shall reflect, without degradation, the full and complete information contained on the original document, including at least the following metadata fields: author, date created, and date last modified. Electronically stored information shall be collected using a method that preserves the files' metadata, folder location, and generates a "hash" value for verification purposes. Metadata files shall be produced in Standard Concordance laod files containing the fields specified in this paragraph or in the Special Instructions below. All documents and electronically stored information shall be branded with a unique Bates Number (or Bates Number range, if applicable), which shall not be an overlay of the image. The parties agree to produce documents and electronically stored information on CD-ROM, DVD, or external hard drive. The parties shall not produce documents and electronically stored information using FTP, SFTP, or other hosted locations without written agreement of all Parties.

    A. Specific instructions:

        1. Software: All software produced shall be produced in the native format in which the software was created (e.g. UniBasic, Java, HTML) so that each line of code may be searched and examined.

        2. ISP and Apache Tomcat logs for websites, workstations and servers: Such logs shall be produced in .txt format;

3. Unidata workstation and server database files. These shall be produced in native format.

4. Hard copy documents printed on paper that is 11 x 17 inches or smaller shall be produced as described in Paragraph II.A. Documents printed on larger paper may, at the Producing Party's discretion, be produced on paper.

5. Word, WordPerfect, and PDF documents shall be produced as described in Paragraph II.A. If the document contains comments or tracked changes, the PDF file shall be generated based on how the document appears when first opened using view settings contained in the file, and the receiving party shall have the option, after reviewing the produced PDF file, to request the native file;

6. All presentations, e.g., PowerPoint, shall be produced as described in Paragraph II.A, and the images shall be generated as full color, full page, PDF files with one slide per page. Notes and other text that would not appear on the screen in the presentation view need not be shown on the PDF images. The receiving party shall have the option, after reviewing the produced images, to request the native files;

7. All spreadsheets, e.g., Excel, shall be produced only in native file format in a separate folder on the production media. Spreadsheets should not be imaged, but a placeholder file, with a Bates Number, must be included to represent the spreadsheet;

8. E-mail: E-mail shall be produced as described in Paragraph II.A. Each

email shall include the following metadata fields: (1) From; (2) To; (3) CC; (4) BCC; (5) Subject; (6) Date and Time; and (7) Attachment. Attachments (child files) shall be processed as though they were separate documents, but shall be numbered sequentially following the e-mail to which they are attached (e.g., E-Mail 1 with Attachment 1, shall be numbered Bates001 and Bates002, respectively).

9. Internet sites, or webpages, shall be produced in a manner using a web spider or crawler program that mirrors the requested link and captures historical changes to the internet sites or webpages. The Parties shall confer in good faith regarding the program employed and the number of levels of each site required to be captured and produced.

10. It is anticipated by the parties that Plaintiff will inspect Defendant American Auto Shield's systems. The parties agree to confer on a proper date and time for said inspection to take place.

B.  The Parties may de-duplicate exact copies within a custodian's data. Before any Party produces any other kinds of electronic data, the Parties will meet and confer to determine a reasonably useable form for the production.

C.  Irrespective of which Party issued the requests for production of documents, things, and ESI, the producing Party shall serve a copy of responsive production to each of the other Parties.

D.  Except as stated above, a Party need not produce the same electronically stored information in more than one form.

### III. Search Process and Criteria

A.  Time Frame for Discovery of the Parties' ESI: The Parties agree that the relevant timeframe for discovery of documents and electronically stored information in the possession, custody, and/or control of the Parties is December 1, 2007 through the present.

B.  Custodians for Discovery of the Parties' ESI: The Parties agree that custodians documents and electronically stored information are limited to the following:

    1. Within American Auto Shield, Tom Orlando is the primary custodian.

    2. For U2logic, Doug Averch is the primary custodian.

C.  Search Terms for Discovery of the Parties' ESI: The Parties recognize that identification of search terms often involves an iterative process that requires extensive testing. The Parties agree to engage in good-faith negotiations to identify agreeable search terms for email messages and other electronically stored information, however, this agreement to meet and confer does not obligate any Party to agree to perform an electronic search.

### IV. Protection of Privilege

A.  Federal Rule of Evidence 502

    1. The Parties agree that this Stipulation and Order from the Court invokes the protections afforded by Rule 502(d) of the Federal Rules of Evidence.

    2. Each Party shall examine the files containing documents to be produced and shall screen documents for privilege. Such examination shall be performed with due regard for the likelihood that the files contain privileged documents.

3. If a producing Party determines that it has produced a document upon which it wishes to make a claim of privilege, the producing Party shall within 14 days give all counsel of record notice of the claim of privilege. The notice shall identify the document(s) that is (are) privileged and the date the document(s) was (were) produced. If the producing Party claims that only a portion of the document is privileged, the producing Party shall provide, along with the notice of the claim of privilege, a new copy of the document with the allegedly privileged portions redacted.

4. A receiving Party is under a good-faith obligation to notify the producing Party upon identification of a document which appears on its face or in light of facts known to the receiving Party to be potentially privileged. Such notification shall not waive the receiving Party's ability to subsequently challenge any assertion of privilege with respect to the identified document. The producing Party shall provide notice under Paragraph IV.A.4 above within five (5) business days of notification of production of a potentially privileged document by the receiving Party if the producing Party believes the document to be privileged.

5. Upon receiving notice of a claim of privilege on a produced document, the receiving Party must, in accordance with Fed. R. Civ. P. 26(b)(5)(B), promptly sequester the specified information and any copies it has and may not use or disclose the information, except as provided by Fed. R. Civ. P. 26(b)(5)(B), until the claim is resolved. If the receiving Party disclosed the information before being notified, it must take reasonable steps to prevent further use of such information

     until the claim is resolved. The Parties will follow the procedure described in Fed. R. Civ. P. 26(b)(5)(B) for documents produced in this litigation regardless of whether the producing Party asserts its claim of privilege during or after this litigation.

6. Pursuant to Federal Rule of Evidence 502(d), the disclosure of privileged information or documents in discovery conducted in this litigation consistent with the terms of this order shall not waive the claim of privilege or protection in any other federal or state proceeding.

## V. General Terms

A.    Unless this Court orders otherwise for good cause shown, each Party shall bear the costs of producing its own documents.

B.    Before filing any motion with the Court regarding electronic discovery or evidence, the Parties will meet and confer in a good faith attempt to resolve such disputes.  **Before a party may file a contested regarding electronic discovery, the parties shall complete the meet and confer process, and then convene a telephone conference call with the magistrate judge.**

SO ORDERED this 11th day of April, 2013,

                        BY THE COURT:

                        s/ Craig B. Shaffer
                        United States Magistrate Judge

APPROVED:

s/ Jeffrey H. Kass
*Jeffrey H. Kass*
*Michael P. Dulin*
**POLSINELLI SHUGHART PC**
1515 Wynkoop, Suite 600
Denver, CO  80202
Telephone: 303-572-9300
FAX:  303-572-7883
E:mail:  jkass@polsinelli.com
E-mail:  mdulin@polsinelli.com
*Attorneys for Plaintiff U2logic, Incorporated*

s/ Rocco A. Dodson
Rocco A. Dodson
Dodson and Associates, P.C.
24918 Genesee Trail Road
Golden, CO 80401
303-526-2756
Fax: 303-526-1391
Email: rdodson@dodsonlawfirm.com
   *Counsel for American Auto Shield, LLC*

s/ Harold R. Bruno, III
Harold R. Bruno , III
Robinson Waters & O'Dorisio, P.C.
1099 18th Street
Granite Tower
#2600
Denver, CO 80202-1937
303-297-2600
Fax: 303-297-2750
Email: hbruno@rwolaw.com
   *Counsel for Tom Orlando*