EIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00419-PAB-CBS

U2LOGIC, INCORPORATED, a Colorado corporation,

        Plaintiff,

    v.

AMERICAN AUTO SHIELD, LLC, a Wyoming limited liability company; and
TOM ORLANDO, an individual.

        Defendants.

---

## STIPULATED DISCOVERY CONFIDENTIALITY ORDER

---

The parties to this case have requested that the following Stipulated Discovery Confidentiality Order be entered to govern the exchange of discovery material, including as acquired during any inspections, that the parties regard as confidential. In entering such Order, the Court makes the following findings of fact:

This case concerns a copyright infringement dispute. The plaintiff has sued the defendants in this matter for infringement of multiple software copyrights and for breach of certain agreements. Given the nature of the claims and defenses asserted by the parties, discovery will necessarily focus on areas defendants claim are of sensitive proprietary nature, and documents or information containing confidential, proprietary business information and trade secrets are likely to be disclosed or produced during the course of discovery in this litigation. Defendants assert that public dissemination and disclosure of such material could injure or damage the party disclosing or producing such material, the parties developed and

reached agreement upon a protocol for controlling disclosure of such information produced in discovery. The agreed-upon protocol is embodied in this Discovery Confidentiality Order.

Good cause exists for entry of this Order. The nature of the case requires the parties to seek and produce documents and information and elicit deposition testimony, the disclosure of which poses a substantial risk of harm to the producing party's legitimate proprietary interests. This Discovery Confidentiality Order provides reasonable restrictions on the disclosure of such sensitive materials. In order to streamline the discovery process and minimize the need for Court intervention, this Discovery Confidentiality Order allows the producing party to designate certain materials being produced or deposition testimony as confidential. Disclosure of materials designated as "Confidential" information is limited to specific classes of persons. The Order allocates to the producing party the burden of justifying the confidentiality designation.

Accordingly, the Court hereby enters the following Discovery Confidentiality Order:

Whereas, the parties recognize that, pursuant to discovery requests, in an inspection, and in deposition testimony, they may be required to disclose confidential information; and

Whereas, the parties, through counsel, stipulate that good cause exists for the entry of this Discovery Confidentiality Order pursuant to Rule 26(c) to protect against improper disclosure or use of confidential information produced in this case;

Therefore, the following provisions of this Order shall control the disclosure, dissemination, and use of information in this case:

1.     Any document, or portion thereof, any type of evidence, and any form of discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure and any other information or thing hereafter furnished, directly or indirectly, by or on behalf of any

party, non-party or witness in connection with this action ("Discovery Material") which is in good faith considered to contain or constitute any trade secret or other confidential or proprietary research, development, commercial, software or financial information may be designated "CONFIDENTIAL" by the party or third-party providing such Discovery Material ("the Producing Party").  CONFIDENTIAL Discovery Material, designated as such in accordance with this Order, shall be disclosed or made available only to persons permitted by paragraph 3.

2.     CONFIDENTIAL Discovery Material shall be denoted by a designation "CONFIDENTIAL SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER," or a marking of like import.  This designation shall be made as follows:

a.     With respect to documents or copies provided by one party to an opposing party, by marking each page of a document containing CONFIDENTIAL information with a legend containing the appropriate designation or a marking of like import at the time of production of the documents.  In the case of tangible things:  by placing a label or tag on the object or on its container containing a legend containing the appropriate designation or a marking of like import, or, if not practicable, as otherwise agreed, at the time of production of the object.

b.     For documents acquired during any systems inspections, no confidentiality designation need be made prior to the inspection.  For purposes of the inspection, all documents and things shall be considered CONFIDENTIAL subject to this Order.

c.     Testimony or information disclosed at a deposition may be designated by a party as CONFIDENTIAL by indicating on the record at the deposition those portions of the testimony which contain CONFIDENTIAL information that is to be made subject to the provisions of this Order.  Alternatively, a party may designate testimony or information disclosed at a deposition as

CONFIDENTIAL by notifying the other parties, in writing, within thirty (30) days of receipt of the transcript of the deposition, those portions of the testimony that are to be designated CONFIDENTIAL. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control. Whether or not designation is made at the time of a deposition, all depositions shall be treated as CONFIDENTIAL from the taking of the deposition until thirty (30) calendar days after receipt of the transcript.

d.     In the case of responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, those materials and all information contained therein may be designated as CONFIDENTIAL by prominently marking the initial page of such paper and the page or pages on which any CONFIDENTIAL information appears with a legend containing the appropriate designation or a marking of like import.

e.     Pleadings. If documents or information designated as CONFIDENTIAL Discovery Material in accordance with the terms of this Discovery Confidentiality Order are made exhibits to briefs or pleadings, such exhibit shall be filed as a Restricted Document pursuant to D.C.COLO.LCivR 7.2. The parties shall not quote CONFIDENTIAL Discovery Material in a brief or pleading, but may refer generally to such CONFIDENTIAL Discovery Material without disclosing such CONFIDENTIAL Discovery Material and file the CONFIDENTIAL Discovery Material as exhibits under seal.

f.     Inadvertent Failure to Designate. If, through inadvertence, a Producing Party provides any documents or information containing CONFIDENTIAL Discovery Material without designating the material as such, the Producing Party may subsequently inform the

Receiving Party in writing of the CONFIDENTIAL Discovery Material status of the documents or information. The Receiving Party shall thereafter treat the disclosed material as CONFIDENTIAL Discovery Material, in accordance with the written notification of the inadvertent disclosure. The Receiving Party shall take reasonable steps to advise persons to whom disclosure was made prior to receipt of a CONFIDENTIAL Discovery Material designation of such designation and of this Order, but shall not otherwise be required to retrieve any documents or take any action to protect the confidentiality of information or copies of documents disclosed prior to the receipt of the CONFIDENTIAL Discovery Material designation. Any documents which are subject to the attorney-client privilege or work product protection that are inadvertently disclosed shall immediately be returned by the Receiving Party, and the Receiving Party shall also destroy any copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information. In the event of a dispute concerning whether such documents are privileged, the burden to establish the privilege shall be on the party asserting the privilege.

3.     CONFIDENTIAL Discovery Material shall be disclosed only to the following persons ("Qualified Persons"):

a.     The Court, its personnel and stenographic court reporters, under seal.

b.     Outside counsel of record in this action provided that such outside counsel is not involved in competitive decision making on behalf of a party or a competitor of a party (including support staff as reasonably necessary to assist such counsel in the preparation and trial of this action);

c.      Outside stenographic court reporters, videographic court reporters, and language translators (including support staff as reasonably necessary);

d.      The additional individuals listed in items 3(d)(i) — (vi) below, provided that such individuals (except for those in category (d)(iv)), have read this Discovery Confidentiality Order and executed a declaration in the form attached as Exhibit A hereto, which shall be retained in the files of outside counsel, except where otherwise indicated:

      i.      Internal counsel of a defendant who act in a legal capacity for the party and who are responsible for and/or working directly in the prosecution or defense of this action (including support staff as reasonably necessary to assist such counsel in the preparation and trial of this action), *except* that such internal counsel of a defendant (or support staff) shall not receive access to or disclosure of Discovery Material of another defendant, absent the written consent of the Producing Party (for purposes of this provision, "defendant" refers to a party sued by plaintiff herein, and not a counterclaim defendant);

      ii.     Up to two (2) officers, directors or employees of a party who either have responsibility for making decisions dealing directly with the litigation of this action or who are assisting outside counsel in preparation for proceedings in this action (including support staff as reasonably necessary to assist such individuals in connection with this litigation);

      iii.    Outside experts or outside consultants retained in this action (including their support staff), provided that before access is given, the expert or

consultant has executed a declaration in the form attached as Exhibit A hereto. For each outside expert or outside consultant who executes the declaration, counsel who retained that person shall forward a copy of the executed declaration, together with a current CV, a list of consulting relationships during the prior four (4) years, and a list of all cases in which the expert or consultant testified at trial or by deposition within the last four (4) years, to counsel for the other parties at least fourteen (14) calendar days prior to the proposed disclosure of CONFIDENTIAL Discovery Material.

iv.   If any party objects to the proposed disclosure to the expert or consultant within fourteen (14) calendar days after receipt of the notice of it, the disclosure may not be made without prior written consent by the objecting party or prior approval by the Court. Opposing counsel shall make a good-faith effort to reach an agreement regarding the proposed disclosure to the expert. If an agreement cannot be reached, the party desiring to disclose CONFIDENTIAL Discovery Material to the expert or consultant shall make an appropriate motion. The burden shall be on the objecting party to show to the Court "good cause" why the disclosure should not be made. No person disclosed to the other side pursuant to the provisions of this paragraph 4(d)(iv) may be deposed by the other side or called as a witness by the other side in an expert capacity unless such person is identified as a testifying expert witness by the disclosing party at the time that Rule

26(a)(2) disclosures are made in this lawsuit. The written notice required under this Paragraph need not be given to non-parties who have produced or will produce protected information pursuant to this Order;

v.   Provided they agree to maintain the confidentiality of any Discovery Material (or otherwise are under an obligation to do so), independent litigation support services, including persons working for or as graphics or design services, jury or trial consulting services, language translating services, and document review, photocopy, imaging and database services retained to assist outside counsel with document management or preparation of presentation at trial or other court proceedings in this action; and

vi.   Such other individuals as the parties may stipulate to by written agreement.

4.   A witness at a deposition, who is not a Qualified Person pursuant to paragraph 3 with respect to CONFIDENTIAL Discovery Material may be shown any document that contains or reveals CONFIDENTIAL Discovery Material only if the designated CONFIDENTIAL information reasonably appears to have been authored by, received by, or known to the witness, or provided that the Producing Party consents to such disclosure.

5.   A document that contains or reveals CONFIDENTIAL Discovery Material may be shown to any person indicated in such document to be its author or the recipient of a copy.

6.   CONFIDENTIAL Discovery Material obtained from a Producing Party pursuant to pretrial discovery in this action may be used and disclosed by the Receiving Party only for

purposes of defending or prosecuting this action for which it is produced and in accordance with this Order.  No party or person shall make any other use of any such CONFIDENTIAL Discovery Material without prior written permission from the Producing Party, including but not limited to use for commercial or competitive purposes or use in any other legal proceeding, except as permitted by order of the Court.

7.      Nothing in this Discovery Confidentiality Order shall be construed (a) as preventing a party from using or continuing to use any information that is or becomes publicly known through no unauthorized act of such party, or (b) as preventing a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the Producing Party.  Should a dispute arise as to any specific information or material, the party claiming that such information or material is or was publicly known or was lawfully obtained other than through discovery of the Producing Party shall have the burden of proving its claim.

8.      Nothing in this Discovery Confidentiality Order shall be construed as an agreement or admission: (a) that any Discovery Material designated as CONFIDENTIAL is in fact confidential or a trade secret; or (b) with respect to the competency, relevance, or materiality of any such information, document, or the like.

9.      A party shall not be obligated to challenge the propriety of a CONFIDENTIAL designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party disagrees at any point with the designation by the Producing Party of any Discovery Material as CONFIDENTIAL the challenging party shall initiate the dispute resolution process by providing written notice of each designation that it is challenging

and describing the basis for that challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within fourteen (14) days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next step of the challenge process only if it has engaged in this meet and confer process first or establishes that the Producing Party is unwilling to participate in the meet and confer process in a timely manner. If the dispute cannot be resolved, the challenging party may file and serve a motion to request that the Court cancel or modify a designation. Unless otherwise agreed, the challenging party shall file such a motion within fourteen (14) days of the parties' agreement that the meet and confer process will not resolve their dispute. The Producing Party shall have the burden of proving that its designation was appropriate. All parties shall continue to afford the disputed Discovery Material the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

10.     Nothing in this Discovery Confidentiality Order shall prevent disclosure beyond the terms of this Order if the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

11.     Nothing herein shall restrict a Qualified Person from making working copies, abstracts, digests, and analyses of protected Discovery Material for use in connection with this litigation. Further, nothing herein shall restrict a Qualified Person from converting or translating protected Discovery Material into machine readable form for incorporation into a data retrieval

system used in connection with this action, provided that access to protected Discovery Material, in whatever form stored or reproduced, shall be limited to Qualified Persons.

12.    A testifying expert's draft reports, notes, outlines, and any other writings relating to this litigation leading up to his or her final report(s) in this case created after the filing date of this lawsuit are exempt from discovery, unless relied upon by the expert in forming his or her opinions.  In addition, the substance of communications (whether oral or written) between or among experts retained by counsel (or the experts' assistants) and the retaining party's employees, consulting experts, in-house or outside counsel, occurring after the filing date of this lawsuit, are exempt from discovery unless relied upon by the expert in forming his or her opinions.  The expert must produce his or her final report and all materials on which he or she relied.  To the extent that the expert relies upon information that has been previously produced, the expert may identify such documents by Bates number in lieu of producing such information.  Notwithstanding the above exclusions, the following shall be discoverable during discovery and/or usable at trial: (1) compensation arrangements and compensation related documents for experts (e.g., an expert's bill and invoices to his or her client(s) regarding the litigation, which may be redacted as necessary for attorney-client privilege, work-product protection, or any other privilege or protection); and (2) assumptions that the party or the party's attorney provided to the expert and that the expert considered in forming his or her opinions.

13.    (a)    Within sixty (60) calendar days after the conclusion of this action as to any Producing Party, including any appeals, all Discovery Material designated CONFIDENTIAL, including extracts and summaries thereof, and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of counsel in possession of

such copies, and in no event shall be used at trial involving the remaining parties without the written consent of the Producing Party or pursuant to Court order. If the materials are destroyed, counsel responsible for the destruction shall within fourteen (14) calendar days of the destruction of all such materials certify to counsel for the Producing Party that destruction has taken place. Notwithstanding the foregoing, counsel for the parties may retain the pleadings, court papers, transcripts of depositions and hearings and any exhibits thereto, expert reports, discovery requests and responses, correspondence, trial transcripts, and exhibits offered or introduced into evidence at trial, and any work-product containing Discovery Material, despite the presence of CONFIDENTIAL Discovery Material in those materials provided, however, that any Discovery Material contained in any such documents retained by counsel shall remain subject to the protections of this Order. Information retained by outside counsel or on computer storage media in the normal course of computer system maintenance or backup is not subject to the terms of this paragraph, but is and remains subject to all other restrictions set forth herein until such time as such information is destroyed. Insofar as the provisions of this and any other Order entered in this action restrict the communication and use of information, such Order(s) shall continue to be binding after the conclusion of this litigation as to any or all parties, except that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any such Order(s).

(b)     This Court shall retain jurisdiction over the parties and this Discovery Confidentiality Order for the purposes of compliance with and enforcement of its terms, and the final termination of this action shall not terminate this Discovery Confidentiality Order or its terms.

14.     This Discovery Confidentiality Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the agreement of the parties, nor the designation of any Discovery Material as CONFIDENTIAL nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

15.     Unless otherwise provided herein, the terms of this Discovery Confidentiality Order shall be applicable to any third party who produces Discovery Material which is designated by such third party as CONFIDENTIAL.  A copy of this Order shall be served along with any subpoena served in connection with this action.  A nonparty's use of this Discovery Confidentiality Order to protect its information does not entitle that non-party to the Discovery Material produced by any party in this case.

16.     Nothing in this Discovery Confidentiality Order shall prejudice the right of any party, or any third party, to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any Discovery Material.

17.     Nothing in this Discovery Confidentiality Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this action and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL Discovery Material produced or exchanged in this action; provided, however, that in rendering such advice and in otherwise communicating with a person not entitled to view any CONFIDENTIAL Discovery Material, the attorney shall not disclose the contents of CONFIDENTIAL Discovery Material produced by any other party or non-party.

18.     In the event that any party or any other individual described herein is served with a subpoena or other judicial process demanding the production or disclosure of any CONFIDENTIAL Discovery Material, such party or individual shall (a) provide lead counsel for all parties with a copy of such subpoena or other judicial process within seven (7) calendar days following receipt thereof, and (b) use all reasonable efforts to ensure treatment of the CONFIDENTIAL Discovery Material at issue consistent with this Discovery Confidentiality Order.

19.     The parties reserve their rights to agree on procedures for handling and introducing into evidence at the time of trial or other hearing materials and/or information deemed CONFIDENTIAL Discovery Material.  In the absence of such an agreement, any party may petition the Court to order such procedures.

20.      This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

21.     The restrictions on the use of CONFIDENTIAL Discovery Material established by this Discovery Confidentiality Order are applicable only to CONFIDENTIAL Discovery Material received by a party from another party or from a non-party as a direct result of this litigation.  A party is free to do whatever it desires with its own CONFIDENTIAL Discovery Material.

22.     This Discovery Confidentiality Order shall not be deemed a waiver of:  (a) any party's right to object to any discovery request on any ground; (b) any party's right to seek an

order compelling discovery with respect to any discovery request; (c) any party's right in any proceeding in this lawsuit to object to the admission of any evidence on any ground; or (d) any party's right to use its own documents and its own CONFIDENTIAL Discovery Material in its sole and complete discretion.

Dated at Denver, Colorado, on ___July 9th___, 2013.

BY THE COURT:

_____
United States Magistrate Judge

Accepted and Agreed:


 s/ Jeffrey H. Kass_____
Michael P. Dulin
Jeffrey H. Kass
Polsinelli PC
1515 Wynkoop, Suite 600
Denver, CO  80202
Telephone: 303-572-9300
FAX:  303-572-7883
E-mail:  mdulin@polsinelli.com
E-mail:  jkass@polsinelli.com
*Attorneys for Plaintiff U2logic,*
*Incorporated*

s/ Rocco A. Dodson_____
Rocco A. Dodson, Esq.
Dodson and Associates, PC
24918 Genesee Trail Road
Golden, CO  80401
E-mail:  rdodson@dodsonlawfirm.com
*Attorneys for American Auto Shield, LLC*


s/ Harold R. Bruno, III_____
Harold R. Bruno, III, Esq.
Jena Akin, Esq.
Robinson Waters & O'Dorisio, P.C.
1099 18th Street, Suite 2600
Denver CO  80202
E-mail:  hbruno@rwolaw.com
         jakin@rwolaw.com
*Attorneys for Tom Orlando*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00419-PAB-CBS

U2LOGIC, INCORPORATED, a Colorado corporation,

        Plaintiff,

  v.

AMERICAN AUTO SHIELD, LLC, a Wyoming limited liability company; and
TOM ORLANDO, an individual.

        Defendants.

---

## EXHIBIT A - UNDERTAKING

---

I have read and understand the Stipulated Discovery Confidentiality Order (the "Order") in the above-captioned case (a copy of which is attached and whose definitions are incorporated herein) and I attest to my understanding that access to information designated as "CONFIDENTIAL" may be provided to me and that such access shall be governed by the terms and conditions and restrictions of the Order. I agree to be bound by the terms of the Order and hereby subject myself to the jurisdiction of the Court for all purposes related to the Order.

I shall not use or disclose any "CONFIDENTIAL" information to others, except solely for the purposes of this litigation and in accordance with the Order.

Date:_____    Signature:_____

                            Printed Name: _____

                            Address: _____

                            _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 20___. _____
                                          Signature

45582660.3